1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER GERBER & JILL MCAULEY,

Plaintiffs,

v.

STE. MICHELLE WINE ESTATES, LLC,
d/b/a CHATEAU STE. MICHELLE

Defendant.

Case No.

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF UNDER
THE AMERICANS WITH
DISABILITIES ACT AND THE
WASHINGTON LAW AGAINST
DISCRIMINATION**

## I.    INTRODUCTION

Plaintiffs Jennifer Gerber and Jill McAuley (collectively "Plaintiffs") are individuals with disabilities. Each Ms. Gerber and Ms. McAuley require a personal care assistant ("PCA") to attend and enjoy the activities and programs at Chateau Ste. Michelle, operated by Defendant Ste. Michelle Wine Estates, LLC ("SMWE"). The Plaintiffs cannot receive the benefits of SMWE's facilities, programs, and services equal to the opportunities afforded to people without disabilities.

Plaintiffs need a PCA with them to benefit from these facilities. Plaintiff also needs a designated accessible entrance to access SMWE's facilities, programs, and services. Yet, SMWE

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1  has a policy requiring them, as well as others with disabilities who need the designated

2  accessible entrance, to limit the number of companions entering with them to only one

3  individual. This policy violates Title III of the Americans with Disabilities Act of 1990, as

4  amended, 42 U.S.C. §§ 12181-12189, and the implementing regulation, 28 C.F.R. Part 36. This

5  policy also discriminates against Plaintiffs in violation of the Washington Law Against

6  Discrimination (WLAD), Revised Code of Washington (RCW) § 49.60.

7                    **II.    JURISDICTION AND VENUE**

8      1.    The jurisdiction of this Court is invoked under 28 U.S.C. § 1331; 28 U.S.C.

9  §§ 1343(a)(4); and 28 U.S.C. § 1367.

10     2.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 because the

11  claims are being made pursuant to a federal statute, the Americans with Disabilities Act (ADA),

12  42 U.S.C. § 12181, and the corresponding federal regulations, 28 C.F.R. Part 36.

13     3.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1343(a)(4) as this is

14  an action to recover damages or to secure equitable relief under the ADA and the corresponding

15  federal regulations.

16     4.    This Court has supplemental jurisdiction per 28 U.S.C. § 1367, over claims brought

17  under WLAD, RCW 49.60, which claims arise out of the same nucleus of facts as the claims

18  under federal law.

19     5.    This Court may grant equitable relief pursuant to 42 U.S.C. § 12188(a)(1) and (2), and

20  may award fees, expenses and costs to a prevailing party pursuant to 42 U.S.C. § 12205.

21     6.    This Court may enjoin further violations, grant equitable relief, may award fees,

22  expenses and costs to a prevailing party or grant any other appropriate remedy pursuant to

23  RCW 49.60.030(2).

24

Complaint for Declaratory and Injunctive          WASHINGTON CIVIL & DISABILITY ADVOCATE
Relief and Damages - 2                                        4115 Roosevelt Way NE, Suite B
No:                                                                    Seattle, WA 98105
                                                                        (206) 428-3172

26

7.    This Court has personal jurisdiction over the non-resident Defendant because they conduct continuous and systematic business in the Western District of Washington, and because this cause of action arises out of those activities and the impact of those activities on Plaintiff.

8.    Venue is appropriate in the Western District of Washington because the events occurred in this District, and each Defendant does business in this District. 28 U.S.C. § 1391.

### III.    PARTIES

9.    Plaintiff Jill McAuley is a Washington resident who resides in this district.

10.    Ms. McAuley uses a power wheelchair.

11.    Ms. McAuley requires accessible seating and the presence of a caregiver to attend and enjoy the activities and programs hosted by Defendant SMWE, including outdoor music festivals and live music performances.

12.    Plaintiff Jennifer Gerber is a Washington resident who resides in this district.

13.    Ms. Gerber uses a power wheelchair.

14.    Ms. Gerber requires accessible seating and the presence of a caregiver to attend and enjoy the activities programs hosted by SMWE, including outdoor music festivals and live music performances.

15.    SMWE is headquartered in Woodinville, WA.

16.    SMWE is a venue that offers patrons the opportunity to consume wine and other beverages produced on-site.[1]

---

[1] See Wine Tasting, Chateau Ste. Michelle, https://www.ste-michelle.com/visit-us/experiences/wine-tasting (last visited July 3, 2025) (offering three daily opportunities for wine tasting experiences available to the public for a fee).

Complaint for Declaratory and Injunctive
Relief and Damages - 3
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

17. SMWE also hosts an annual summer concert series ("Concert Series") that features bands and performers advancing the mission of "provid[ing] a stage to some of the most legendary artists in jazz, rock, blues, and contemporary music."[2]

18. These "legendary artists" include The Beach Boys, Stevie Wonder, John Legend, and James Taylor, among others who have performed at the Concert Series since 1984.[3]

19. In sum, SMWE offers products, services, and other privileges open to the public, specifically wine and live music performances.

20. As an "establishment serving food or drink" that also functions as a "place of public gathering," SMWE is a property subject to all the requirements of the ADA, including requirements that prohibit discrimination based on disability.

21. Additionally, SMWE is subject to the requirements under the Washington Law Against Discrimination (WLAD); SMWE is a "place of public resort, accommodation, assemblage, or amusement" by virtue of offering public amusement, entertainment . . . or recreation of any kind" and selling "food and beverages" intended for consumption on the premises.[4]

22. Patrons with disabilities may purchase tickets to SMWE events, including their Concert Series, but SMWE has a policy that limits the number of people who can accompany a patron with a disability at the designated accessible entrance.[5]

23. The screenshot below shows SMWE's entry policy for patrons with disabilities ("Accessible Entry Policy"):[6]

---

[2] Summer Concerts, Chateau Ste. Michelle, https://www.ste-michelle.com/visit-us/summer-concerts (last visited June 30, 2025).
[3] Id.
[4] WASH. REV. CODE § 49.60.040(2).
[5] Id.
[6] Concert FAQs, Chateau Ste. Michelle, https://www.ste-michelle.com/visit-us/summer-concerts (last visited July 3, 2025).

Complaint for Declaratory and Injunctive
Relief and Damages - 4
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

24.    Ticket holders with a disability, along with one companion, can access the Amphitheatre through the designated ADA line at either gate. Any additional members of a party will enter with the general public.

25.    As shown in the above screenshot, each patron with a disability who uses the designated accessible entrance at SMWE can bring only one individual into the entrance.

26.    On information and belief, this policy does not apply to patrons who do not use the designated accessible entrances.

27.    Instead, other patrons who use the non-accessible entrances may bring in as many companions as desired, unlike the Accessible Entry Policy as stated above.

## IV.    FACTUAL ALLEGATIONS

28.    Ms. McAuley has a diagnosed disability of quadriplegia.

29.    Ms. McAuley requires a power wheelchair for mobility.

30.    Ms. McAuley's disability substantially limits one or more of her major life activities, including, but not limited to, walking, eating, drinking, dressing, and transferring.[7]

31.    Accordingly, Ms. McAuley is an individual protected from discrimination based on disability under the ADA.[8]

32.    Ms. McAuley regularly attends outdoor music concerts and festivals.

33.    Ms. McAuley also requires using the designated accessible entrance to enter live music venues and watch performances.

---

[7] Examples of "[m]ajor life activities" are defined by statute at 42 U.S.C. § 12102(2)(A), including the specific kinds of activities impacted by the Plaintiffs' disabilities.
[8] In other words, having a disability that "substantially limits one or more major life activities of [an] individual" is, by itself, enough to deem an individual as having a disability under the ADA. 42 U.S.C. § 12102(2)(A).

Complaint for Declaratory and Injunctive
Relief and Damages - 5
No:

34. On June 20, 2025, Ms. McAuley emailed SMWE Support to express interest in attending the Jon Batiste concert on September 10, 2025.

35. In that same email, Ms. McAuley inquired about SMWE's entry policy for the designated accessible entrance and whether she could bring her entire party through that entrance.

36. Ms. McAuley's request is shown in the screenshot below.

**From:** Jill McAuley <​▮▮▮▮▮▮▮▮▮▮▮▮▮▮​>

**Sent:** Friday, June 20, 2025 4:25 PM

**To:** Chateau Ste. Michelle Support ▮▮▮▮▮▮▮▮▮▮▮>

**Subject:** ADA Entrance Accommodation Request

You don't often get email from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[Learn why this is important](#)

**Caution:** This email is from an External source. Verify the sender before replying, opening attachments, or clicking links. Use Report Phish if unsure.

Good afternoon,

I'm planning to see Jon Batiste on September 10th and wanted to clarify your ADA entry policy. I noticed on your website that only one companion is allowed to accompany a guest with a disability through the designated entrance, regardless of group size. I wanted to confirm if that is correct.

If so, I'd like to kindly request a reasonable accommodation that would allow my full party to enter with me. This would ensure we can remain together and navigate the venue more comfortably.

I appreciate your time and look forward to your response.

Warmly,
Jill McAuley

37.

Complaint for Declaratory and Injunctive
Relief and Damages - 6
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

38. On June 25, Amber May, Guest & Employee Experience Manager for SMWE, replied to Ms. McAuley.

39. As seen in the screenshot below, Ms. May denied Ms. McAuley's request.

From: **Amber May** ⬛⬛⬛⬛⬛⬛⬛⬛
Date: Wed, Jun 25, 2025 at 2:23 PM
Subject: Re: ADA Entrance Accommodation Request
To⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

Hi Jill,

Thank you for reaching out and for your interest in the upcoming Jon Batiste performance on September 10th. We're glad you'll be joining us and appreciate you taking the time to review our ADA policies in advance.

You are correct that our current policy allows guests with a disability to enter through the designated ADA entrance with one companion. Any additional members of the party are asked to use the general public entrance, where they are welcome to reunite with
your group inside the venue.

We understand your request and the desire for your entire party to stay together throughout the entry process. At this time, however, we are unable to grant exceptions to this policy. It is in place to ensure that our ADA entrance remains accessible and efficient
for all guests who need it, and we are not creating congestion at our accessible points of entry. Are you able to provide additional details regarding the reasonable accommodation that you are seeking upon entry into the venue?

Thank you,

**Amber May**
Guest & Employee Experience Manager
Chateau Ste Michelle
14111 NE 145th St | Woodinville, WA | 98072

40.

Complaint for Declaratory and Injunctive
Relief and Damages - 7
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

41. Based on this interaction, SMWE prohibits patrons with disabilities from having more than one companion through the designated accessible entrance.

42. Ms. Gerber has Ullrich Congenital Muscular Dystrophy.

43. Ms. Gerber requires a power wheelchair for mobility.

44. Ms. Gerber's disability substantially limits one or more major life activities, including, but not limited to, walking, eating, drinking, dressing, and transferring.

45. Accordingly, Ms. Gerber is an individual protected from discrimination based on disability under the ADA.

46. Ms. Gerber regularly attends outdoor music concerts and festivals.

47. Ms. Gerber also requires a designated accessible entrance to the seating area of live music venues.

48. On June 21, 2025, Ms. Gerber emailed SMWE to express interest in attending the Chicago concert at SWME on August 29, 2025.

49. In that same email, Ms. Gerber also requested permission to bring her entire group through the designated accessible entrance.

50. Ms. Gerber's email to SMWE is in the email below.

Complaint for Declaratory and Injunctive
Relief and Damages - 8
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

**From:** Jennifer G ███████████████

**Sent:** Saturday, June 21, 2025 4:52 PM

**To:** Chateau Ste. Michelle Support ████████████████

**Subject:** question

> You don't often get email from ████████████████  [Learn why this is important](#)

> **Caution:** This email is from an External source. Verify the sender before replying, opening attachments, or clicking links. Use Report Phish if unsure.

Hello,

I have a disability and am considering going to the Chicago show on August 29th. I saw on your website that I would only be allowed one companion to enter the ADA entrance with me, regardless of the size of the group. Is that correct? If so, I would like to request a reasonable accommodation so my entire party can enter with me.

Please let me know if this is something you can accommodate.

Thank you,

Jennifer

51.

52.   On June 22, Carolyn from the Concierge Team at SMWE denied Ms. Gerber's request, as shown in the response below.

Complaint for Declaratory and Injunctive
Relief and Damages - 9
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

On Sunday, June 22, 2025 at 10:38:13 AM PDT, Chateau Ste. Michelle Support <███████
███████> wrote:

> Hello Jennifer,
>
> Thank you for contacting Chateau Ste Michelle.
> The ADA line during the Summer Concert Series will only allow the ticket holder with a
> disability, along with one companion, can access the Amphitheatre through the
> designated ADA line at either gate.
> Any additional members of a party will enter with the general public.
> Thank you for your time.
>
> Kind Regards,
>
> Carolyn
> **Chateau Ste. Michelle Concierge Team**
> **800-267-6793**

53.

54.    This email exchange between Ms. Gerber and SMWE is further proof that SMWE

continues to restrict patrons with disabilities to only one companion when using the designated

accessible entrance.

55.    Thus, SMWE discriminates against patrons with disabilities in violation of the ADA,

even after other patrons with disabilities have alleged discrimination based on disability against

SMWE within the past decade.

56.    For example, in 2015, Conrad Reynoldson, acting in his personal capacity as a plaintiff

with a disability, sued SMWE, alleging that certain facilities were inaccessible (hereinafter

"2015 SMWE lawsuit").[9]

---

[9] See generally Complaint for Damages, Reynoldson v. Ste. Michelle Wine Estates Ltd., No. 2:15-cv-02025 (W.D.
Wash. Dec. 29, 2015), ECF No. 1.

Complaint for Declaratory and Injunctive          WASHINGTON CIVIL & DISABILITY ADVOCATE
Relief and Damages - 10                                     4115 Roosevelt Way NE, Suite B
No:                                                                Seattle, WA 98105
                                                                     (206) 428-3172

57.   The Complaint for Damages in the 2015 SMWE lawsuit alleged that SMWE violated the ADA by failing to provide reasonable accommodations or remediate accessibility barriers, including, but not limited to:

a.   Failing to ensure that patrons with disabilities who used the early entry accommodation could enter with more than one companion;[10]

b.   Failing to fully install features required in all "designated" accessible parking spaces;[11]

c.   Failing to install parking signs at the designated accessible parking spaces that fully comply with the height requirements;[12]

d.   Failing to ensure that routes to seating and lawn areas open to the public are safe for patrons who use wheelchairs;[13]

e.   Failing to provide equal access and opportunity for individuals with disabilities to purchase tickets for SMWE concert performances as do patrons without disabilities.[14]

58.   However, the 2015 SMWE lawsuit did not address the specific Accessible Entry Policy in question in this current action.

---

[10] See id. at 10 (stating that SMWE's entry policy allowed for "one companion . . . to enter the Amphitheatre approximately 15 minutes prior to the general public along with the individual with the disability").

[11] See id. at 9 ("The temporary event parking area designated for disabled parking did not however have any accessibility features in the parking spots and as a result Mr. Reynoldson was put in danger of being hit by a car either pulling into the spot next to his van as he exited down the ramp or while attempting to travel from the parking stall to the accessible route.").

[12] See id. at 8, 10 (stating that the signs at the five permanent parking spaces, designated as the accessible spaces, measured only forty-five inches high, when § 502.6 of 2010 ADA Standards for Accessible Design mandated a minimum height of sixty inches for the sign at each designated accessible entrance).

[13] See id. at 11 (stating that the plaintiff's power wheelchair "had great difficulty safely traversing the accessible route," considering the "crowded environment" of the venue).

[14] See id. at 12 (discussing the "systemic issues" of purchasing online tickets for SMWE events through Ticketmaster that left potential concertgoers with disabilities with a "nearly impossible" task "to have equal access to online ticket sales" because of SMWE's system to obtain tickets for designated accessible seats).

Complaint for Declaratory and Injunctive
Relief and Damages - 11
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

59.  Particularly, the 2015 SMWE lawsuit alleged that, on information and belief, SMWE's Accessible Entry Policy in 2015 allowed patrons with disabilities to enter fifteen minutes early via the same entrance for general admission for patrons who did not need the designated accessible entrance.[15]

60.  Yet, despite previous legal action to enforce the ADA, SMWE continued to discriminate against patrons with disabilities after the 2015 SMWE Lawsuit.

61.  In 2018, plaintiff Adrianna Killam, another individual with a disability and protected from discrimination under the ADA, filed another lawsuit against SMWE, alleging multiple accessibility barriers (hereinafter "2018 SMWE lawsuit").[16]

62.  The 2018 SMWE lawsuit alleged that SMWE failed to remedy multiple kinds of accessibility barriers, including, but not limited to:

    a.  Failing to provide any designated accessible parking in full compliance with the applicable ADA Standards for Accessible Design ("Standards");[17]

    b.  Failing to provide safe and stable routes to seats and other amenities within the concert venue;[18]

    c.  Failing to provide any fixed or permanent designated accessible seats next to accessible routes;[19]

---

[15] Id. at 10.
[16] See generally Complaint for Damages and Injunctive Relief, Killam v. Ste. Michelle Wine Estates Ltd., No. 2:18-cv-00694 (W.D. Wash. May 14, 2018), ECF No. 1.
[17] See id. at 5 ("When she first arrived at the concert Ms. Killam was informed that no accessible parking was available.")
[18] See id. at 6 (noting that the client "had to traverse a steep dirt path up a hill" to the "designated" seating area for patrons with disabilities).
[19] See id. at 8 ("Both fixed and lawn amphitheater seating is not connected to compliant accessible routes.").

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

d.  Failing to provide sections designated for patrons with disabilities to view the concert stage and screen without obstructions, just like everyone else;[20]

e.  Failing to provide accessible restrooms that fully comply with the dimensional requirements of the Standards;[21]

f.  Failing to provide service counters that fully comply with the dimensional requirements of the Standards;[22] and

g.  Failing to provide signage that direct patrons to a facility of SMWE.[23]

63.  The 2018 SMWE lawsuit ended in a stipulated order of dismissal with prejudice.[24]

64.  Yet, seven years and two lawsuits later, SMWE continues to discriminate against people with disabilities.

65.  On June 10, 2025, counsel for plaintiffs, Conrad Reynoldson of Washington Civil & Disability Advocate (WACDA) wrote a letter to SMWE to report this policy as discriminatory and requested a date and time to meet and discuss potential early resolution.

66.  On June 18, 2025, counsel for SMWE, David West of Foster Garvey, PLLC, replied with several threats against Mr. Reynoldson, including:

---

[20] See id. at 7 ("Ms. Killam's view was obstructed, and she could only see the upper video screen whenever people would stand."); id. at 9–10 (discussing how SMWE relegated patrons with disabilities, including the plaintiff, to areas with "inferior sightlines" that amounted to "a greatly reduced enjoyment of the concert experience"). The plaintiff asserted that her experiences of the plaintiff during her visit to SMWE were "reminiscent of the Jim Crow South and being forced to the back of the bus." Id. at 10.

[21] See generally Complaint for Damages and Injunctive Relief at 10, Killam v. Ste. Michelle Wine Estates Ltd., No. 2:18-cv-00694 (W.D. Wash. May 14, 2018), ECF No. 1.

[22] See id. at 12 (noting that "[r]etail service, sampling, and dining counter heights in tasting rooms" had heights that were "very difficult" for individuals who used wheelchairs, because the heights for these counters measured "consistently 45" above [the] finished floor to the top of [the] counter and [had no lowered section[s]" at all).

[23] See id. at 13 ("The Manor House lacks directional signage to the accessible entrance on the backside of the house and must be accessed by going through an employee only driveway and parking lot.").

[24] Minute Order, Killam v. Ste. Michelle Wine Estates Ltd., No. 2:18-cv-00694 (W.D. Wash. Aug. 1, 2018), ECF No. 17.

a.  Threat of countersuing on a Breach of Contract claim by filing this action, allegedly under the binding terms of the Settlement Agreement in the 2015 SMWE Lawsuit; and

b.  The threat of disqualifying Mr. Reynoldson as counsel for plaintiffs on multiple grounds.

67.  Mr. West also stated—incorrectly—in his response to the Plaintiffs' demand letter that the 2015 and 2018 lawsuits barred *any* further action at all regarding SMWE's entry policy, which changed between the 2018 SMWE lawsuit and today.

68.  Plaintiff's demand letter to SMWE on June 10, 2025 is attached as Exhibit A.

69.  Mr. West's demand letter response on June 18, 2025 is attached as Exhibit B.

70.  Further, Mr. West expressed no willingness at all in his reply to meet to discuss this action or try to resolve this action quickly without litigation.

71.  Considering Mr. West's refusal to meet with counsel for Ms. Gerber and Ms. McAuley to discuss the possibility of an early, cost-effective settlement over time-consuming, expensive litigation, the Plaintiffs have no choice but to file this action.

## V.    CAUSES OF ACTION

### A.  Count I - Violation of the Americans with Disabilities Act (ADA) 42 U.S.C. §§ 12181-12189 – Equal Opportunity

72.   The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

73.  Ms. Gerber and Ms. McAuley have disabilities that substantially limit the major life activities of walking, eating, drinking, dressing, and transferring.[25]

---

[25] 42 U.S.C. § 12102(2)(A).

Complaint for Declaratory and Injunctive
Relief and Damages - 14
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

74. Ms. Gerber and Ms. McAuley are qualified individuals with disabilities as defined in the ADA and are thus protected from discrimination based on disability.[26]

75. SMWE is a "place of public accommodation" under Title III of the ADA, because SMWE operates and/or controls a summer concert series at a "place of exhibition or entertainment," as well as a "place of public gathering" that also functions as an "establishment serving food or drink" where its activities affect commerce.[27]

76. As a place of public accommodation under the ADA, SMWE is subject to the obligations that Title III of the ADA imposes on places of public accommodation.[28]

77. One of these obligations is ensuring that no individual shall face discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."[29]

78. Specifically, the ADA prohibits "places of public accommodation" from denying individuals with disabilities the opportunity to participate in or benefit from the goods, services, privileges, advantages or accommodations offered to others,[30] or from offering benefits not equal to those offered to others.[31]

79. Here, SMWE limits patrons with disabilities to only one companion through the designated accessible entrance; by contrast, patrons without disabilities can enter SMWE without any limits on the number of companions who accompany the individual entering SMWE property.

---

[26] Id. § 12102 (1)(A)–(C).
[27] Id. § 12181(7)(C).
[28] Id. § 12181(7)(A)–(L).
[29] Id. § 12182(a).
[30] Id. § 12182(b)(1)(A)(i).
[31] Id. § 12182(b)(1)(A)(ii).

Complaint for Declaratory and Injunctive
Relief and Damages - 15
No:

80.   Ms. Gerber and Ms. McAuley cannot enjoy the services, facilities, privileges, advantages, or accommodations of facilities hosted or organized by SMWE without PCAs and other companions with Plaintiffs.

81.   Ms. Gerber and Ms. McAuley are unable to enjoy the services, facilities, privileges, advantages, or accommodations of SMWE on an equal basis with other guests.

82.   Defendant violate 42 U.S.C. § 12182(b)(1)(A)(i)-(ii), and its implementing regulation at 28 C.F.R. § 36.202, because SMWE still imposes an entry policy that discriminates adversely against individuals with disabilities.

**B.   Count II - Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 – Reasonable Modifications**

83.   The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

84.   Defendant discriminates against Ms. Gerber and Ms. McAuley , and other similarly situated guests with disabilities, based on disability in the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations, in violation of Title III of the ADA, 42 U.S.C. § 12182, and its implementing regulation at 28 C.F.R. Part 36.

85.   Generally, the ADA requires places of public accommodation to "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities."[32]

---

[32] Id. § 12182(b)(2)(A)(ii).

Complaint for Declaratory and Injunctive
Relief and Damages - 16
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

86.   An exception applies when the place of public accommodation can show that making these modifications will "fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."[33]

87.   On information and belief, it is SMWE's explicit policy or practice to allow only one guest to accompany a patron with a disability when entering SMWE through its designated accessible entrance and security line.

88.   Here, as a reasonable modification, Ms. Gerber and Ms. McAuley request SMWE to permit them, as patrons with disabilities who use the designated accessible entrance, to be accompanied by as many companions as desired by the patron, not limited to just one companion, just like everyone else who uses the non-designated accessible entrances.

89.   The Defendant's violations of Title III include, but are not limited to, failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii), and its implementing regulation at 28 C.F.R. § 36.302.

90.   Permitting Ms. Gerber and Ms. McAuley, as well as other similarly situated patrons with disabilities, to enter SMWE with more than one accompanying guest would not fundamentally alter the nature of the Defendant's goods, services, facilities, privileges, advantages, or accommodations and would not result in an undue burden, or significant difficulty or expense, for Defendant.

91.   Permitting Ms. Gerber and Ms. McAuley, as well as other similarly situated patrons with disabilities, to watch SMWE concerts from the accessible risers while accompanied by

---

[33] Id.

Complaint for Declaratory and Injunctive
Relief and Damages - 17
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

more than one guest, space permitting, would not fundamentally alter the nature of the Defendant's goods, services, facilities, privileges, advantages, or accommodations and would not result in an undue burden, or significant difficulty or expense, for Defendant.

## C. **Count III - Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 – Methods of Administration**

92.    The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

93.    Defendant discriminate against Ms. Gerber and Ms. McAuley, as well as other similarly situated patrons with disabilities, in utilizing standards, criteria or methods of administration that effectively discriminate based on disability, in violation of Title III of the ADA, 42 U.S.C. § 12182(b)(1)(D) and its implementing regulation at 28 C.F.R. § 36.204.

## D. **Count IV - Violation of the Washington Law Against Discrimination**

94.    The allegations of the preceding paragraphs are hereby re-alleged and incorporated by reference as if fully stated herein.

95.    The Washington Law Against Discrimination (WLAD), RCW 49.60, defines "places of public resort, accommodation, assemblage or amusement" as including "any place, licensed or unlicensed, kept for gain, hire, or reward, or where charges are made for admission, … whether conducted for the entertainment … or where food or beverages of any kind are sold for consumption on the premises, or where public amusement, entertainment, sports, or recreation of any kind is offered with or without charge …"[34]

---

[34] WASH. REV. CODE. § 49.60.040(2) (2024).

Complaint for Declaratory and Injunctive
Relief and Damages - 18
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

96.    Defendant controls and/or operates live music events across the State of Washington, including shows at SMWE.

97.    At SMWE events, including the annual summer concert series, SMWE charges the public for admission into the concert viewing area to see the live performances on the stage.

98.    Relevant regulations require places of public accommodation to provide "reasonable accommodations" to make their services equally available to people with disabilities.[35]

99.    "Reasonable accommodation" is "action, reasonably possible in the circumstances, to make the regular services of a place of public accommodation accessible to persons who otherwise could not use or fully enjoy the services because of the person's sensory, mental, or physical disability," and "accessible" is defined as "usable or understandable by a person with a disability."[36]

## VI.    CONCLUSION

100.  Ms. Gerber and Ms. McAuley are entitled to relief pursuant to the provisions of Title III of the ADA. 42 U.S.C. §§ 12181-12189, and their implementing regulation, 28 C.F.R. Part 36, and incorporating the remedies of 42 U.S.C. § 2000-a(3)(a).

101.  Ms. Gerber and Ms. McAuley are entitled to relief pursuant to the provisions of the WLAD, RCW 49.60.040, and the pertinent regulations under WAC 162-26-040 and WAC 162-26-080.

## VII.    PRAYER FOR RELIEF

102.  Ms. Gerber and Ms. McAuley request relief from this court as follows:

---

[35] WASH. ADMIN. CODE § 162-26-080 (2023).
[36] Id. § 162-26-040 (2023).

Complaint for Declaratory and Injunctive
Relief and Damages - 19
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

103. For a declaratory judgment stating that SMWE discriminated against each Plaintiff, and similarly situated patrons with disabilities, in violation of Title III of the ADA and in violation of the WLAD by restricting patrons with disabilities to be accompanied by only one companion when entering SMWE's live music venue through its designated accessible entrance and security line;

104. For a declaratory judgment stating that the ADA and WLAD requires SMWE to allow more than one guest to accompany a patron with a disability when entering SMWE music festivals through the designated accessible entrance and security line;

105. To enjoin SMWE, both in Washington state and nationally, its officers, agents, and employees, and all other persons in active concert or participation with each Defendant, from discriminating against patrons with disabilities by requiring them to pay a separate admission ticket for their PCA;

106. To enjoin SMWE, both in Washington state and nationally, its officers, agents, and employees, and all other persons in active concert or participation with SMWE, from discriminating against patrons with disabilities by restricting them to only one total guest accompanying them through the designated accessible entrance and security line;

107. Order SMWE, both in Washington state and nationally, to modify policies, practices, or procedures where necessary to afford individuals with disabilities a full and equal opportunity to participate in and benefit from each Defendant's services by allowing more than one guest to accompany a patron with a disability at the designated accessible entrance;

108. Order SMWE, both in Washington state and nationally, to develop and implement policies and procedures to provide the full and equal enjoyment of its facilities and services to

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

patrons with disabilities, including the admission, without an additional paid ticket, of PCAs who are necessary to provide personal care services to those patrons with disabilities;

109. Order SMWE, both in Washington state and nationally, to design and implement appropriate staff training programs to ensure that all personnel affiliated with the Defendant who have contact with members of the public (whether employees or independent contractors) are knowledgeable about the policies related to the provision of goods and services to patrons with disabilities, including admission of PCAs who are necessary to provide personal care services to those patrons with disabilities;

110. Award all costs of court, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and RCW 49.60.030(2);

111. And order any such additional and further relief as the interests of justice may require and is appropriate.


DATED:  July 7, 2024


Presented by:


WASHINGTON CIVIL & DISABILITY ADVOCATE

/s/ Conrad Reynoldson
Conrad Reynoldson, WSBA #48187
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 876-8515
conrad@wacda.com

/s/ Dustine Bowker
Dustine Bowker, WSBA #63263
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172
dustine@wacda.com


CANTILEVER LAW

Complaint for Declaratory and Injunctive
Relief and Damages - 21
No:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1    /s/ Raeanne Hutchison
     Raeanne Hutchison, WSBA #55786
2    9500 Roosevelt Way NE, Suite 310
     Seattle, WA 98115
3    (206) 755-4527
     CantileverLaw@outlook.com
4

5    *Attorneys for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Complaint for Declaratory and Injunctive           WASHINGTON CIVIL & DISABILITY ADVOCATE
      Relief and Damages - 22                                    4115 Roosevelt Way NE, Suite B
      No:                                                                Seattle, WA 98105
26                                                                        (206) 428-3172